322

[No. 19688-7-III. Division Three. November 27, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. COLLETTE S. DEVRIES, *Appellant*.

*William D. McCool* and *William D. Edelblute*, for appellant.

*James L. Nagle, Prosecuting Attorney*, and *Jill M. Peitersen, Deputy*, for respondent.

KATO, J. — Collette S. DeVries appeals her conviction for delivery of a controlled substance. The dispositive issue involves the trial court's refusal to entertain closing argument. We reverse and remand for a new trial.

Ms. DeVries, a juvenile, was charged with delivering amphetamines to a classmate at Columbia High School in Burbank on October 15, 1999. At the close of the bench trial, the court stated:

> Okay. I'm not going to ask for any closing arguments. That may disappoint Mr. McCool [defense counsel]. But certainly I understand everybody's theory. I understand what the evidence is, and I certainly, this is probably one of the most disputed evidence cases where you have different people seeing different things, remembering different things. But I feel that I have a basis and am in a position to give my decision.

Report of Proceedings (RP) at 155. The court then found Ms. DeVries guilty. Defense counsel then asked why the court had not permitted closing argument. The court explained:

> Because, Mr. McCool, I think I am capable of understanding the evidence. I didn't think I needed the assistance. I understand your theories. I don't think anyone has a constitutional procedural right to closing argument. Now maybe you do in front of a jury, and I always let somebody have it in front of a jury. But I didn't think I needed it. And I still don't think I needed it. So you are at the same disadvantage that the State is.

RP at 161.

A criminal defendant has a Sixth Amendment right to present closing argument, even during a bench trial. *Herring v. New York*, 422 U.S. 853, 857-65, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975).

It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.

The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment.

. . . .

Some cases may appear to the trial judge to be simple—open and shut—at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be "likely to leave [a] judge just where it found him." But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel.

*Id.* at 862-63 (citation and footnote omitted). These rules apply equally to adult and juvenile proceedings. *See In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967).

 Here, the trial judge was wrong in asserting Ms. DeVries had no constitutional right to present closing argument. His denial of that right violated her Sixth Amendment guarantee of assistance of counsel, and the conviction must be reversed.

 This conclusion makes it unnecessary to address the two evidentiary issues Ms. DeVries has raised in this

appeal. The only remaining issue is whether the prosecution should be dismissed because of insufficiency of the evidence. We have examined the evidence presented and conclude a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *See State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980).

We thus reverse the conviction but remand for a new trial.[1]

KURTZ, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied January 3, 2002.

Review granted at 147 Wn.2d 1008 (2002).

---

[1] Ms. DeVries contends she is entitled to a different judge on remand. This issue in not properly before us on appeal. *See* RAP 2.5(a).

